UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD SANFORD,

      Plaintiff,                                          Case No. 07-15451

v.                                                   Honorable John Corbett O'Meara

DTE ENERGY COMPANY,

      Defendant.
_____/

**ORDER GRANTING**
**DEFENDANT'S JANUARY 7, 2009 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendant DTE Energy's January 7, 2009 motion for summary judgment. Plaintiff filed a reply March 13, 2009. No oral argument was heard.

**BACKGROUND FACTS**

Plaintiff Bernard Sanford filed this complaint *in pro per* against defendant DTE Energy claiming damage to real property arising from the termination of utility service to rental property he owns in the City of Detroit, Michigan. During 2004, Plaintiff was leasing the property to a tenant via an agreement with the Michigan State Housing Development Authority. When the tenant's lease expired, she notified the utility company to terminate service, and the company obliged. A month later Plaintiff was notified that water was flowing out of the house. The water pipes had apparently frozen and burst, causing water damage to the premises.

Plaintiff filed this action on December 21, 2007, alleging violations of 42 U.S.C. § 1983, deprivation of his Fourteenth Amendment due process rights, intentional injury to property, and discrimination based on his status as a public benefit recipient and his status as an owner of multiple properties.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. See Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by `showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed. R. Civ. P. 56(e).

## LAW AND ANALYSIS

In order to establish a claim pursuant to 42 U.S.C. § 1983, a plaintiff must show "a violation of a right secured by the Constitution and the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law." Moore v. Tartler, 986 F.2d 682, 685 (3d Cir. 1993). The United States Supreme Court has held that although a utility company may be extensively regulated by a state government, there is an insufficient connection between the two for application of the Fourteenth Amendment and 42 U.S.C. § 1983. Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974).

In this case defendant DTE Energy is a privately owned and operated utility subject to regulation by the Michigan Public Service Commission. However, in providing utility services, Defendant has not engaged in the exercise of authority or action normally associated with state sovereignty. Therefore, no § 1983 liability can be attached to this defendant.

Plaintiff also alleges discrimination based on his public benefit status and his ownership interest in two homes. Complaint at p.11. However, there is no case law to support a finding that "public benefit status" enjoys the benefits of a protected class for the purpose of discrimination claims. The same is true for owners of multiple properties. Furthermore, the court lacks federal subject matter jurisdiction over Plaintiff's claim for intentional injury to property. No federal question exists, and the parties to this action are not diverse.

Along with his response brief, Plaintiff filed an affidavit in which he stated that a representative from defendant DTE told him that after the tenant moved out, service would continue and the bills would be sent to Plaintiff. In light of the aforementioned case law and analysis, however, Plaintiff's affidavit fails to create a genuine issue of material fact.

## ORDER

It is hereby **ORDERED** that defendant DTE Energy's January 7, 2009 motion for summary judgment is **GRANTED.**

                                                               s/John Corbett O'Meara
                                                                United States District Judge

Date:  March 20, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 20, 2009, by electronic and/or ordinary mail.

s/William Barkholz<br>Case Manager