UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNARD SANFORD,

    Plaintiff,                                      Case No. 07-15451

v.                                                        Honorable John Corbett O'Meara

DTE ENERGY COMPANY,

    Defendant.
_____/

**ORDER DENYING
PLAINTIFF'S MARCH 20, 2009 MOTION TO AMEND COMPLAINT AND
APRIL 13, 2009 MOTION FOR RECONSIDERATION**

      This matter came before the court on plaintiff Bernard Sanford's March 20, 2009 motion to amend his complaint and his April 13, 2009 motion for reconsideration of the court's March 20, 2009 order granting Defendant's motion for summary judgment. No responses were filed, and no oral argument was heard.

      On March 20, 2009, this court entered an order granting defendant DTE Energy's motion for summary and entering judgment in favor of Defendant. On that same day, plaintiff Sanford filed a motion to amend his complaint to add Detroit Edison, Michigan Consolidated Gas, and Michigan Public Service Commission as defendants, among other things. Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend is freely given when justice so requires. However, if a court determines that amendment would be futile, it will deny such a motion to amend. The United States Court of Appeals for the Sixth Circuit has addressed the issue of "futility" in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss, the court need not permit the amendment. Neighborhood Development Corp. v.

Advisory Council on Historic Preservation, 632 F.2d 21, 23 (6th Cir.1980).  In this case, the court finds that Plaintiff's proposed amendments would be futile.  See Thiokol Corp. v. Department of Treasury, 987 F.2d 376, 383 (6th Cir. 1993).  Accordingly, the motion will be denied.

Plaintiff's motion for reconsideration seeks review of the court's order granting Defendant's motion for summary judgment.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(g)(3).

In this case plaintiff Sanford's motion for reconsideration merely presents the same issues ruled upon by the court and fails to demonstrate a palpable defect by which the court and the parties have been misled.

### **ORDER**

It is hereby **ORDERED** that plaintiff Sanford's March 20, 2009 motion to amend his complaint is **DENIED.**

It is further **ORDERED** that plaintiff Sanford's April 13, 2009 motion for reconsideration is **DENIED.**

 

                                            s/John Corbett O'Meara
                                            United States District Judge

Date:  May 21, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, May 21, 2009, by electronic and/or ordinary mail.

                                           s/William Barkholz
                                           Case Manager